**STATE v. WASHINGTON.** *

No. 5389.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

Cawthorn & Golsan, of Mansfield, for appellant.

Ben E. Coleman, of Shreveport, for appellee.

*Rehearing denied March 1, 1937

TALIAFERRO, Justice.

The supervisor of public accounts ruled the defendant to show cause why his automobile should not be decreed forfeited to the State, and sold by the sheriff of DeSoto parish, as authorized by Act No. 15 of the Legislature of 1934, because, as alleged, said car had been used to transport untaxed alcoholic liquor.

It is specifically charged that defendant, on July 22, 1936, did unlawfully transport in said automobile, from place to place, one and one-half pints of said liquor, which was subject to, but on which no tax had been paid as required by the laws of the State; and that he had no permit from the supervisor of public accounts to have said untaxed liquor in his possession or to transport same. Defendant denies all of the allegations of fact relied upon by the State to prevail in the cause, and he appealed from a judgment sustaining the State's contentions.

The facts of the case are in the main undisputed. Defendant was born and reared in DeSoto parish. For the two years prior to his arrest in connection with this case, he has lived in Houston, Tex., and earns very good wages as a laborer. He enjoys a good reputation among those who know him best and, according to the record before us, is a total abstainer. He had recently purchased the seized car and had returned to Louisiana to visit with his parents, brothers, and sisters, who live in DeSoto parish. He, accompanied by three brothers (Bill, John, and R. C.), and a sister, Viola Marshall, left in the car from his father's home, near Grand Cane, en route to the home of the sister, after dark of the evening of July 22, 1936, and after covering a few miles the car stopped for lack of gas. While the brother R. C. Washington went to procure gas, the other members of the party remained with the car. Representatives of the sheriff's office, on the watch for an automobile suspected of transporting contraband liquor from Texas, passed while the party waited and, thinking the Washington car the one they were seeking, stopped and began a search of it. They found one and one-half pints of corn liquor therein, the ownership of which was then and is now asserted by Bill Washington. There is no testimony whatever in the record tending to disprove his ownership of the liquor. It was "home-made" whisky and untaxed. The four brothers were arrested. Criminal charges were preferred against Richard and Bill. The latter pleaded guilty, while in the charge against the former a nolle prosequi was entered.

Defendant and his sister occupied the front seat of the car, the former driving. The bottles containing the liquor were on the floor of the car between the two seats. Bill Washington says he purchased the liquor that afternoon and had it on him when he boarded the car, and that Richard knew nothing of its possession by him. Richard denies any knowledge of the liquor being in the car. All of the parties deny that any of the liquor was drunk in the car before the officers arrived. It is well established that not one of the party was under the influence of liquor; in fact, only Bill appears to have drunk any of it previously. We experience no difficulty in reaching the conclusion that this was not a drinking party; that they were on a lawful mission; and that Richard Washington, the defendant, was not aware that the liquor was in his car; such conclusions are easily deducible from the undisputed facts of the case. It was dark; the boys in the rear of the car were accompanying the visiting brother on the trip to the sister's home, and, to all appearances, it was a sort of family reunion.

Plaintiff contends (1) that defendant knew that his brother Bill had the untaxed liquor in the car, and, alternatively, (2) that even though he had no such knowledge, this fact does not affect the right of the State to have the car forfeited and sold, arguing that since the car was being "used" to transport the liquor, knowledge or lack of knowledge of the owner has no decisive bearing upon the question. The lower court evidently held this view of the law applicable to the established facts. We find ourselves unable to concur in this interpretation of the statute.

Paragraph (a) of section 16 of the act prohibits the transportation, carriage, or movement from point to point, in this State, by an automobile, etc., of any article or articles on which the tax levied by the act has not been paid; and declares that such vehicle shall be subject to seizure by the supervisor of public accounts, and forfeited and sold in the manner provided in the act. Paragraph (b) authorizes the supervisor of public accounts to demand, by summary proceedings against the owner or operator of a vehicle, its forfeiture and sale, when it is found that same was or is "used" in the transportation of any article or articles on

which a tax levied by the act has not been paid. Paragraph (c) provides the course of procedure to be followed by the supervisor of public accounts when the residence of the owner of the offending car is without the State or unknown, including the appointment of an attorney at law to represent him, and further provides:

"If upon the trial of the said proceeding, it is established by satisfactory proof that the said automobile, truck, boat, conveyance, vehicle, or other means of transportation, has been used to transport any article or articles on which a tax is levied by this Act and upon which said tax has not been paid, then the court shall render judgment accordingly, declaring the forfeiture of said automobile, truck, boat, conveyance, vehicle or other means of transportation, and ordering the sale thereof after ten days notice by advertisement in the official paper of the parish where the seizure is made, by the sheriff of said parish, or the civil sheriff of the Parish of Orleans, as the case may be, at public auction at the courthouse to the highest bidder, for cash, and without appraisal; it being the intent and purpose of these proceedings to afford the owner of said automobile, truck, boat, conveyance, vehicle or other means of transportation, a fair opportunity for hearing in a Court of competent jurisdiction."

It seems to us that if the bare finding of a small quantity of untaxed liquor in an automobile foreclosed the question of its liability to forfeiture, that the sentence, "it being the intent and purpose of these proceedings to afford the owner of said automobile * * * a fair opportunity for hearing in a Court of competent jurisdiction," would be a meaningless superfluity. We think the above-quoted and paraphrased portions of the act clearly imply that the illegal use of the car must have been within the knowledge of the owner in order to incur the penalty of forfeiture. Forfeitures are not favored and to be incurred must be strictly within the letter and spirit of the law. United States v. Mattio (C.C.A.) 17 F.(2d) 879. Before a forfeiture may be judicially decreed, it must appear to the court's satisfaction that the means for transportation of the illicit liquor "has been used" for that purpose; in other words, that it has been employed in carrying on or conducting such illicit business. Can it be said that a car is being "used" to transport illicit liquor simply because a guest passenger, unknown to owner or operator, has a flask of it in his pocket or larger quantity in his valise? Would it be argued that if a quantity of such liquor were surreptitiously left in an automobile that its presence therein would warrant a decree of forfeiture of the car? If a car is stolen and employed to violate this penal statute, does not the ignorance of the owner of such use protect him against literal enforcement of this law against the car? We feel sure the law comprehends no such cases within its penal provisions, and by no rational interpretation can it be made to embrace such.

Appellee cites and relies upon Supervisor of Public Accounts v. Schilling (La.App.) 169 So. 126, 129, to sustain its position herein. In that case it was conceded that the car involved was properly the subject of forfeiture. The real issue of the case was whether the rights of the innocent lien holder primed those of the State under the decree of forfeiture. It was held that they did not. The facts of the case are quite unlike those of the present one. The owner of the car evidently was using it to transport untaxed liquor in large quantities.

It is true that Judge Westerfield, in the Schilling Case, made this statement:

"It seems to us, therefore, that the Legislature of 1934 intended to adopt the procedure which the federal government had in force for many years as a means of enforcing its revenue statute, and that it intended to denounce and condemn the facilities used in the evasion of the taxes imposed by the statute—that when automobiles or other vehicles were found guilty it was intended that they should be irrevocably forfeited,"

but we are unable to agree unqualifiedly with these conclusions. The federal statute (U.S.C.A. tit. 26, § 1441), as clearly reflected from its own language, is much more drastic than our own. The very act of transporting untaxed liquor under the federal law incurs the penalty of forfeiture of the means of transportation. There is no provision therein for equitable defenses by the owner, and none may reasonably be implied from the language employed. It is not necessary thereunder to cite the owner or operator of the facility used for transporting, and it abundantly appears that proceedings thereunder are invariably against the re. Our own statute requires that the owner of the facility used in transporting untaxed liquor be cited, and in other

198

respects safeguards are provided against injustice being done him. We think the statute admits of equitable as well as legal defenses by the owner of the means of transportation whose forfeiture is sought.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and there is now judgment for the defendant dismissing this proceeding and rejecting plaintiff's demands. It is further ordered that the automobile seized herein be restored to defendant's possession